IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02521-OES

DANIEL J. TWEEDIE,

    Plaintiff,

v.

GERRY H. OYEN,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 11 2006

GREGORY C. LANGHAM
CLERK

---

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED
PURSUANT TO 28 U.S.C. § 1915
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

Plaintiff Daniel J. Tweedie currently is incarcerated at the Bent County Jail in Las Animas, Colorado. He filed *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005) and a Prisoner Complaint. On December 29, 2005, the Court denied Mr. Tweedie leave to proceed pursuant to § 1915 because the *in forma pauperis* motion, supporting affidavit, and certified account statement submitted by Mr. Tweedie and filed with the Court on December 27, 2005, did not appear to demonstrate indigence. Rather, those documents appeared to show that Mr. Tweedie had sufficient assets to pay the $250.00 filing fee required under 28 U.S.C. § 1914 because the available balance in his prison account as of December 20, 2005, appeared to be $664.90.

On January 5, 2006, Mr. Tweedie submitted and the Court filed a letter of clarification to the clerk informing the Court that Mr. Tweedie owes $664.90 to the Bent


County Jail, not that he has $664.90 in his prison account. He asks that the December 29, 2005, order denying him leave to proceed pursuant to 28 U.S.C. § 1915 be vacated. The request will be granted. The December 29 order will be vacated.

Mr. Tweedie will be granted leave to proceed pursuant to 28 U.S.C. § 1915. Based upon the information about Mr. Tweedie's financial status, the Court finds that he is unable to pay an initial partial filing fee pursuant to § 1915(b)(1).

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Mr. Tweedie's 28 U.S.C. § 1915 motion and certified trust fund account statement indicate that he has insufficient funds in his inmate account to pay an initial partial filing fee and that he has no other assets, Mr. Tweedie may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Mr. Tweedie's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. However, although he need not pay an initial partial filing fee, Mr. Tweedie remains obligated to pay the required $250.00 filing fee through monthly installments as directed in this order. Accordingly, it is

ORDERED that the December 29, 2005, order denying Mr. Tweedie leave to proceed pursuant to 28 U.S.C. § 1915 is vacated. It is

FURTHER ORDERED that the plaintiff is granted leave to proceed pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Tweedie may proceed in this action without payment of an initial partial filing fee. Mr. Tweedie remains obligated to pay the full amount of the required $250.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1). It is

FURTHER ORDERED that, until the $250.00 filing fee is paid in full, Mr. Tweedie shall make monthly payments to the Court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Tweedie is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Tweedie fails to have the appropriate monthly payment sent to the clerk of the Court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the Prisoner Complaint will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee**

debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.

DATED at Denver, Colorado, this 11TH day of January, 2006.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02521-OES

Daniel Tweedie
Prisoner No. 022628151
11100 County Road G.G.S.
Las Animas, CO 81054

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/11/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk